OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Sammons, Appellant, v. Kelly et al. Appellees.
[Cite as Sammons v. Kelly (1994),      Ohio St.3d      .]
Criminal procedure -- Bail -- Under Crim.R. 46(D), a judge may
    set a felony bond for an alleged misdemeanant, when --
    Conversion of Misdemeanor bond to felony bond is excessive
    as matter of law, when.
    (No. 93-1638 -- Submitted and decided October 13, 1993 --
Opinion announced February 9 1994.)
    Appeal from the Court of Appeals for Clark County, No. 3080.
    On August 3, 1993, appellant, James C. Sammons, filed a petition for a writ of habeas corpus in the Court of Appeals for Clark County, alleging that appellees Gene A. Kelly, Sheriff of Clark County, and Richard P. Carey, Judge of the Clark County Municipal Court, were causing him to be confined illegally in the Clark County Jail through imposition of a $25,000 bond on misdemeanor charges. On August 4, 1993, the court of appeals allowed the writ and set a hearing for August 5, 1993. On August 10, 1993, it entered its decision finding the $25,000 bond excessive and reducing it to $10,000. The court of appeals found the following facts:
    1. Appellant was arrested on July 29, 1993 on misdemeanor charges of assault and resisting arrest.

* Reporter's Note: The judgment in this cause was announced an October 21, 1993, "consistent with the opinion to follow." See 67 Ohio St.3d 1483, 620 N.E.2d 855. The "opinion to follow" is announced today.

    2. He posted a $1,000 bond (allowed by the jailer) in accordance with the Clark County Municipal Court bail schedule for misdemeanors and was released.
    3. He was arraigned on July 30, 1993, by appellee Carey, who increased his bail to $25,000.
    4. As the reason for increasing bail, Carey stated that appellant presented an apparent threat of physical harm to the public, to police officers, and to himself because the charges represented the fourth set of assault and resisting arrest

charges filed against appellant since April 26.

5. Between April 26 and July 29, 1993, appellant was charged with twelve misdemeanors arising from four separate incidents involving violent acts or threats of a violent act.

6. Appellant had been convicted of the following offenses: on October 15, 1991, attempted aggravated riot; on December 17, 1991, attempted inciting to violence; on September 15, 1992, aggravated menacing.

7. The petitioner was unable to post the $25,000 bond required for his release.

8. The bond required for appellant's release was twenty-five times that provided for such offenses in the bail schedule adopted by the municipal court and was far greater in amount than other bonds imposed by the court itself for similar alleged offenses.

At the hearing, appellant contended that Judge Carey had no authority to increase bond under Crim. R. 46 once the $1,000 bond had been imposed. However, the court of appeals held that Carey did have such authority, but that the $25,000 amount set was excessive. The court of appeals set bond at $10,000, and appellant appealed, again contending lack of authority to change bond once set under Crim. R. 46 and that the $10,000 reduced bond set by the court of appeals is also excessive.

Appellees filed a motion to dismiss, contending that appellant is now incarcerated by virtue of convictions on some of the other ten misdemeanors, so that habeas corpus will not allow him to be released on bond in this case.

The cause is now before this court upon an appeal as of right.

James Kura, Ohio Public Defender, and Kort Gatterdam, Assistant Public Defender, for appellant.
Mike Sheils, City Prosecutor, for appellees.

Per Curiam. The court of appeals held that Carey had authority to increase bail under Crim. R. 46(D) and (H).[1] We disagreed, and, on October 13, 1993, we reinstated the $1,000 bond, consistent with this opinion to follow. 67 Ohio St.3d 1483, 620 N.E.2d 855.

The court of appeals reasoned that Crim. R. 46(H) permits a court to amend the bond required by the jailer pursuant to division (D)(2) and that the next-to-last paragraph of division (D) permitted Judge Carey to impose a felony bond pursuant to division (C). However, as appellant points out, the premise of that penultimate paragraph of division (D), necessary to invoke its conclusion, is that the appellant not have been released on his own recognizance, or upon execution of an unsecured appearance bond, or pursuant to division (D)(1), (2) or (3). Appellant was, in fact, released pursuant to division (D)(2); therefore, the premise of the paragraph was not fulfilled and the conclusion that Judge Carey could set bond pursuant to the felony provisions of division (C) could not be invoked, especially in light of Crim. R. 46(J).[2]

Under Crim. R. 46(D), a judge may set a felony bond for an alleged misdemeanant only if the alleged misdemeanant has not been previously released on his or her own recognizance, pursuant to an unsecured appearance bond, or pursuant to a bond

as provided in division (D)(1), (2) or (3).

In the instant case, Judge Carey converted a misdemeanor bond to a felony bond. This is not authorized by Crim. R. 46 and is therefore excessive as a matter of law. Accordingly, the decision of the court of appeals is reversed.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.


FOOTNOTE
1    "(D) Pretrial release in misdemeanor cases. A person arrested for a misdemeanor and not released pursuant to Crim. R. 4(F), shall be released by the clerk of court, or if the clerk is not available the officer in charge of the facility to which the person is brought, on his personal recognizance, or upon the execution of an unsecured appearance bond in the amount specified in the bail schedule established by the court. If the clerk or officer in charge of the facility determines pursuant to a division (F) that such release will not reasonably assure appearance as required, the person shall be eligible for release by doing any of the following, at his option:

"(1) Executing an appearance bond in the amount specified in the court's bail schedule, with a deposit of either $25.00 or a sum of money equal to ten percent of the amount of the bond, whichever is greater. Ninety percent of the deposit shall be returned upon the performance of the conditions of the appearance bond;

"(2) Posting a bond in the amount specified in the court's bail schedule, which bond is guaranteed to the person as a policyholder of a casualty insurer, or as a member of a bona fide motorists' or travelers' organization;

"(3) Executing a bail bond with sufficient solvent sureties, or executing a bond secured by real estate in the county, or depositing cash or the securities allowed by law in lieu thereof in the amount specified in the court's bail schedule.

"A person need not be released on his own recognizance or upon the execution of an unsecured appearance bond if he has a history of failure to appear when required in judicial proceedings, or if his physical, mental, or emotion condition appears to be such that he may pose a danger to himself or others if released immediately. When a person is not released because of his physical, mental, or emotional condition, and it appears that his release into the temporary custody of a responsible relative, friend, or other person will obviate the danger to himself or others, he shall be released into such temporary custody on his making bail under division (D)(1),(2) or (3).

"If a person is not released on his own recognizance, or upon the execution of an unsecured appearance bond, or pursuant to division (D)(1), (2), or (3), he shall be given a hearing without unnecessary delay before a judge or magistrate who shall determine the conditions of his release pursuant to division (C).

"Each court shall establish a bail schedule covering all

misdemeanors including traffic offenses, either specifically, or by type, or by potential penalty, or by some other reasonable method of classification.  Each court shall, by rule, establish a method whereby a person may make bail under division (D)(1) or (3) by the use of a credit card.  Such rule shall permit only credit cards of recognized and established issuers.  No credit card transaction shall be permitted when a service charge is made against the court or clerk.

"* * *

"(H) Amendments.  Subject to divisions (C) and (G), a judge or magistrate ordering the release of a person on any conditions specified in this rule may at any time amend his or her order to impose additional or different conditions of release."  (Emphasis added.)

2    "Continuation of bonds.  Unless application is made by the surety for discharge, the same bond shall continue as a matter of right until the return of a verdict or judgment by a jury or by the court on the issue of guilt or innocence.  In the discretion of the trial judge, and upon notice to the surety, the same bond may also continue after final disposition in the trial court and pending sentence or pending disposition of the case on review.  Any provision of a bond or similar instrument that is contrary to this rule is void."  (Emphasis added.)